LEN. H. ADAMS v. R. H. BATTLE and J. N. HOLDING, Executors of W. H. Pace.

(Decided November 7, 1899.)

*Deed of Trust—Rate of Commissions Therein—Change of Rate by Subsequent Parol Agreement—Statute of Limitations.*

1. While no verbal agreement *contemporaneous* with the execution of an instrument under seal will be heard to contradict or vary its term, a *subsequent* parol agreement, made in good faith between the same parties, is admissible, especially when the result seems to be full justice, without infringement ot any sound principle of law.

2. Where a deed of trust stipulated for 4 per cent commissions on receipts and disbursements, as compensation for the trustee, a subsequent parol agreement between the trustee and the maker of the deed, that if there was no litigation respecting that trust, that only 2 1-2 per cent commissions should be charged, may be admitted in evidence to establish the substituted rate.

3. Where an action rests solely on a parol agreement it is barred by the three years statute of limitations, but where it is based on the contract in a deed, the three years statute does not apply.

CIVIL ACTION tried before *Brown, J.,* at April Term, 1899, of WAKE Superior Court.

The complaint alleged that the testator of defendants, W. H. Pace, was plaintiff's trustee under a deed of trust for benefit of creditors, made on 22nd January, 1890, with a provision of 4 per cent commissions to the trustee upon receipts and disbursements. That at the time, and subsequently thereto, it was agreed between them verbally, that the rate should be reduced to $2\frac{1}{2}$ per cent, if there was no litigation and no unusual trouble connected with the discharge of such a trust, and that there was neither. That said trustee received and disbursed in the execution of the trust about $31,841.62$\frac{1}{2}$, and had and retained in his hands at the time of his death $2,467.01, that is, 4 per cent upon said receipts and disbursements. That said trustee acknowledged before his death to the plaintiff, that of the amount so retained he was entitled to only such sum as would amount to the $2\frac{1}{2}$ per cent, and that the balance, amounting to about $894.93, belonged to plaintiff, and that he promised to pay the same. That said trust was executed and settled and all debts secured fully paid, and that there was still a surplus of the trust fund of $894.93 due the plaintiff, and for this amount the plaintiff sues the estate of said W. H. Pace.

The answer denied the debt and the allegations of the complaint constitute the plaintiff's claim; and as a second defense avers that the cause of action did not accrue within three years before suit brought. W. H. Pace died in April, 1893, defendants qualified as his executors May 1st thereafter. This action was commenced October 16, 1896.

There was verdict for plaintiff for $894.93. For which sum judgment was rendered, and defendants appealed.

*Case on Appeal.*

This was a civil action, commenced October 16, 1896, and tried at April Term, 1899, of WAKE Superior Court, before *Brown, J.,* and a jury.

The plaintiff put in evidence the deed of trust from himself and wife to W. H. Pace, recorded in book 111, at page 194, of the Register's office of Wake County.

Plaintiff then introduced as a witness in his behalf Mrs. Len. H. Adams, wife of plaintiff, who testified: "After the trust was made and executed some days I heard an agreement between L. H. Adams and W. H. Pace. It was agreed between them that if there was no litigation in the courts respecting that trust Pace would charge only $2\frac{1}{2}$ per cent on receipts and disbursements. Two and one-half per cent on each. This was the agreement."

Objection by defendants.    Overruled.

Exception by defendants.

On cross-examination of this witness defendant offers to prove by witness and to offer records to prove that on March 20, 1892, plaintiff borrowed $1,300 of Pace, Trustee, and again borrowed from Pace, Trustee, $500 May 30, 1892. This was different trusteeships of Pace and the records offered showed mortgages given by plaintiff and the witness, his wife, to W. H. Pace for said borrowed money.

Plaintiff objected.    Objection sustained.

Defendant excepted.

L. H. Adams testified in his own behalf: "I did most of work in settling trust. Received nothing for these services. Trustee hired me as a clerk for 2 months to sell out stock of goods. Not even a suit before a Justice of Peace. The trust was closed up before Pace's death but I don't know exact date. I mean by that Pace had sold all property in 1892 and I borrowed money and paid up balance of debts

ADAMS *v.* BATTLE.

that property did not pay.   All debts were paid in full.
Pace died April, 1893, and never settled with me.   Balance
he owes me of funds in his hands from this trust is $894.93.
Pace's entire commissions retained by him were 4 per cent,
$2,467.01."

Defendants put in evidence the records of Wake Superior
Court and showed thereby that the executors of Pace quali-
fied May 2, 1893, and that notice to creditors was duly pub-
lished in a newspaper in Raleigh for 6 successive weeks in
the months of May and June, 1893, said notice being in the
proper form and signed by the executors of W. H. Pace.

R. H. Battle, one of the defendants, testified that plain-
tiff presented his claim to us as Pace's executors and demand-
ed payment of said executors only a few weeks before suit
commenced, which was on October 16, 1896.   Claim pre-
sented within few weeks before then and defendants refused
payment and plaintiff brought suit to next term of court.
Claim never presented until a few weeks before suit brought.

J. N. Holding, one of the defendants, testified that plain-
tiff presented his claim only thirty days before this suit
commenced and not before that.

Prayer for special instructions handed up at close of the
evidence, by defendants' attorney.

The defendants request the Court to give the following
special instructions to the jury:

It is alleged in the complaint, paragraph 9, that W. H.
Pace executed and settled the trust imposed upon him by
the deed from plaintiff prior to his, said Pace's, death; and
if the jury believe that said Pace died in April, 1893; that
that such advertisement was made in May and June, 1893;
and duly advertised for creditors to present their claims;
that such advertisement was made in May and June, 1893,
that plaintiff did not present or exhibit his claim to the

executors until September or October, 1896, then plaintiff's action is barred by the statute of limitations.

This instruction was refused, and defendants excepted.

The Court charged the jury that if the evidence in this case is to be believed and they find the facts as testified to by all the witnesses, plaintiff is entitled to recover $894.93, with interest from October 16, 1896, when suit commenced. That this action is not barred by statute.

Defendants excepted.

Under these instructions the jury answered the issues in favor of plaintiff.

Motion by defendants for a new trial and *venire de novo.* Motion overruled. Exception by defendants. Judgment for plaintiff. Appeal by defendants. Notice of appeal waived by plaintiff. Bond fixed by Judge at $25.

S. F. MORDECAI,
*Attorney for Defendants.*

On which case on appeal is endorsed:

"Service accepted; copy waived.　May 8, 1899.

"(Signed)　　ARGO & SNOW,
"Per T. M. ARGO."

*Mr. S. F. Mordecai,* for defendants (appellants).
*Messrs. Argo & Snow,* for plaintiffs.
FAIRCLOTH, C. J., writes the opinion.
FURCHES, J., writes dissenting opinion.
MONTGOMERY, J., concurs in dissenting opinion.

FAIRCLOTH, C. J.　On January 22, 1890, the plaintiff, by deed, conveyed a large amount of real and personal property to W. H. Pace in trust to pay plaintiff's debts in the manner described, with power to collect, sell the property at private or public sale, and to do the usual duties of a trustee in such

cases. Pace died in April, 1893, and this action was brought October 16, 1896, and it is agreed that the trust was closed in the lifetime of the trustee, except as to the matter controverted in this action. The deed provided that the trustee might retain 4 per cent commissions on receipts and disbursements, that is, 8 per cent on the total amount, which was $2,461.01.

The defendants are the personal representatives of the trustee. The plaintiff was allowed to prove by parol that, some days after the deed was executed, Pace agreed with plaintiff that if there was no litigation in the courts respecting the trust he would charge only 2½ per cent on receipts and disbursements. He also proved that there was no suit brought, and there is no evidence of any unusual trouble in executing the trust. The defendant excepted to the admission of this parol evidence and to the charge of the Court in respect thereto. The verdict was for the plaintiff.

The defendants' contention is that the evidence is incompetent to prove that the parties agreed subsequently that the commissions should be less than specified in the deed, unless done in as solemn a manner as the deed was made, that is, under seal, under the maxim *eoligamine, quo ligatur*. It seems that no verbal agreement *contemporaneous* with the execution of an instrument under seal will be heard to contradict or vary its terms. The effect of a subsequent agreement by the same parties has been much discussed by different courts, and in some of the States the matter is put to rest by legislation. But we are informed by counsel that the question has not yet been decided in our State, and we find no such decision.

It was an old iron-clad maxim of the common law that an obligor would only be released by an instrument of as high dignity as that by which he was bound, that is, being obli-

gated by a seal he could be released only by an instrument under seal. Technically, this is the rule of modern times, unless changed by statute, but practically it is seldom enforced. To this rule, the exceptions were and are so numerous that seldom can the rule be applied. In an action on the bond or other sealed instrument, the debtor pleads and proves the actual receipt of the money by the obligee; no court could hesitate to hold this to be a release and discharge of the bond. Suppose the debt secured by a mortgage, a release and discharge need not be under seal. Suppose the principal of a note under seal pays the debt and the sureties are sued on the same, would any court require them to show that their principal had been discharged under seal? Suppose again, that a landlord leases land for a term of years under seal, and during the term the premises are greatly damaged without any fault of the lessee, or that they have greatly depreciated in value, or have become partially unfit for the purpose intended, and the landlord, conscious of these and similar facts, agrees verbally with the lessee that, for the balance of the term, he will take less rent than is stipulated in the deed; would not the lessee be protected by such agreement? If proof of payment will discharge, why should not an agreement to discharge have the same effect between the original parties?

seems difficult to find a case where the parties, bound to other by an instrument under seal, will not be discharged by parol proof of facts if they are sufficient in themselves to constitute a discharge. In such matters, the are performance *in pais,* and are probably of more to business men than the dignity of being sheltered by a seal. The chief reasons for the sacredness of the seal have ceased, since statutes and courts of equity have been liberally removing the hard places of the common law. The dignity

of the seal is due more to the original form of the instrument than to the real interest and intention of the parties.

Whether the trustee intended to retain 8 per cent commissions we are not informed, as he had recently before his death closed out the other trust matters, nor is this very material now. He was a practicing attorney and understood technicalities of the law, and we must assume that when he made the parol agreement he did so in good faith. We are led to the conclusion that the evidence was admissible and that the charge of the Court was not erroneous.

The result seems to be full justice without the infringement of any sound principle of law.

2. Is the action barred by the three years' statute of limitations? If it rests solely on the parol agreement, it is barred. If the action is based on the contract in the deed, it is not barred.

It will be observed that by the terms of the parol-agreement the trustee made no promise to pay the plaintiff anything, but only agreed to retain less commissions than those nominated in the deed, on certain conditions. The entire property passed to the trustee with an express trust impressed on it, and nothing appears to show that it was divested of the trust during the trustee's life. The trustee stated and rendered no account of his administration and no settlement appears to have been made between trustor and trustee. The plaintiff setting out the trust deed, alleges that the trustee is due him the amount sued for, evidently meaning the difference between the rate of commissions. Now, if anything due the plaintiff remained in the trustee's hands at his death, it resulted to the plaintiff, whether so expressed in the deed or not. The plaintiff demands said sum in his complaint, and it was for the jury to ascertain the amount.

We are of opinion that the action is not barred, and that no error was committed on the trial.

Affirmed.

FURCHES, J., dissenting. I can not concur in the opinion and judgment of the Court in this case. The first question discussed in the opinion of the Court, as to a discharge by parol evidence, seems to me to have no application. I can not see that any question of discharge is involved in the case.

The whole case, in my opinion, depends on the second question discussed in the opinion—the statute of limitations. It is clear to my mind that the plaintiff can not recover upon the contract contained in the deed of trust, which authorized the trustee to retain for his services 4 per cent on receipts and 4 per cent on disbursements; and it is admitted that he has retained no more than this per cent amounts to. The defendant owes the plaintiff nothing, according to the terms of the deed, which is admitted to contain the terms of the original contract between the parties. This being so—admitted to be so—the plaintiff has no cause of action against the defendant, unless it be upon the verbal contract alleged to have been made between Pace and the plaintiff some time after the date of the deed of assignment—the original contract. And as it is admitted in the opinion that if the plaintiff's cause of action has to rest on the verbal contract, it is barred by the statute of limitations, it seems to me that this admission closes the discussion, and I am of the opinion that there is error, for which a new trial should be awarded.

MONTGOMERY, J. I concur in the dissenting opinion.