### 8705

### MIDLAND ROOFING MFG. CO. v. PICKENS.

1. CONTRACTS—PAROL EVIDENCE.—A WRITTEN ORDER for goods is a mere offer and until accepted by the seller may be withdrawn by parol.

2. IBID.—A special contract is not always a contract by "specialty" and if not so may be made in parol.

3. IBID.—A WRITTEN ORDER for goods may be rescinded before acceptance and another contract made in parol.

Before FRANK B. GARY, J., Spartanburg.    Affirmed.

Action by Midland Roofing Mfg. Co. v. R. O. Pickens. Plantiffs appeal.

*Messrs. J. J. Burnett* and *Johnson, Nash & Daniel,* for appellant, cite: *A special contract must be in writing:* 2 Abbott's Tr. Br. 1349, 1383; Anderson's Law Dic. 961, 248; Bishop on Con., sec. 104; 9 Cyc. 242.

*Messrs. A. E. Hill* and *Bomar & Osborne,* contra, cite: *Parol contract may be substituted for a written one:* 79 S. C. 143.  *Parol evidence is admissible on point on which writing is silent:* 68 S. C. 523; 21 Ency. 1094; 21 S. C. 608. *Agency may be proved by acts and circumstances:* 49 S. C. 345; 48 S. C. 430; 37 S. C. 88.  *Salesman can bind his principal:* 6 Ency. 224; 87 S. C. 197.

December 25, 1913.  The opinion of the Court was delivered by

Mr. Justice Fraser.  The plaintiff-appellant alleged in its complaint: "That on or about the 18th day of March, nineteen hundred and ten, plaintiff sold and delivered to the defendant, on account, at his request, goods, wares and merchandise to the value of four hundred and seventy-three dollars, an itemized, verified copy of which account is hereto attached, marked Exhibit A, and made part of this complaint.

"That the said goods, wares and merchandise were reasonably worth the amount therein charged for them, and no part thereof has been paid except the sum of one hundred twenty-two and 82-100 dollars, paid as freight charges thereon, as plaintiff is informed and believes, and there is now justly due and owing to plaintiff from defendant the sum of three hundred and fifty and 18-100 dollars."

The defendant answered as follows:

II. "Defendant denies each and every allegation in said complaint, except as herein admitted.

III. "For the first defense, the defendant alleges that the goods mentioned in the complaint were delivered by the plaintiff to and received by the defendant upon a special contract between them, whereby plaintiff's salesman entered into an agreement with defendant on or about the 18th day of March, 1910, to take on consignment one-half car of roofing.  This the defendant was to sell for plaintiff and every thirty days remit proceeds of said sales, less defend-

ant's commissions.    Said goods were received on or about
the 6th day of April, 1910.    That on or about the 22d day
of April, 1910, before any part of said goods were sold and
before the time specified in the agreement for the defendant
to perform his part thereof, defendant's storehouse was
destroyed by fire, and not by any fault or negligence of
defendant, said roofing was destroyed.    That the title of
said goods were never in the defendant, but in the plaintiff."

For second defense.

IV. "For second defense, and by way of counterclaim,
the defendant alleges that, according to the agreement with
said salesman, that said defendant was to pay the freight
charged and deduct same from the first sales of roofing
before sending any amount to the plaintiff.    That the sum
of one hundred twenty-two and 82-100 dollars was paid by
defendant as freight charges thereon and as per agreement.
That no part of the same has been paid, and the defendant
claims that the plaintiff is now due and owing him the sum
of one hundred twenty-two and 82-100 dollars."

The plaintiff offered in evidence a written order signed
by the defendant.    The defendant offered evidence to show
that on the day the order was signed and before the agent
had delivered it to the plaintiff for acceptance, he had noti-
fied the agent that he withdrew the order and that then and
there he made a new parol agreement by which the plaintiff
was to ship the goods to the defendant upon consignment.
The goods were destroyed by fire before any part was sold.
The defendant's evidence was entirely by parol.    The plain-
tiff objected to the evidence on the ground: 1st, that parol
evidence cannot be admitted to vary a written contract; 2d,
that inasmuch as the defendant had alleged a special con-
tract, that is a contract by specialty, he could not prove a
parol contract; 3d, that in order to prove rescission, it
must be alleged:

1. The general rule is correctly stated that a written con-
tract can not be varied by parol; but here the defendant

denied that the writing ever became a contract. Until the writing was signed or acted upon, that is accepted by the plaintiff, it was a mere offer and could be withdrawn. There was no evidence to show that the offer was accepted before it was withdrawn. There was no evidence on behalf of the plaintiff to deny the allegations of the answer. The first ground of objection can not be sustained.

2. The second ground of objection can not be sustained. If a "special contract" always meant a contract by "specialty" this ground of objection might be sustained, but it does not.

In Am. & Eng. Ency. of Law, vol. XXV, pages 1163 and 1164, note, it is said that a special contract is not necessarily a contract by "specialty."

36 Cyc., page 521, defines a special contract as follows: "A contract with peculiar provisions or stipulations not found in the ordinary contracts, relating to the same subject matter." Plaintiff had alleged in *"quantum meruit"* and relied on a written contract. Surely the defendant should be allowed some latitude if it were necessary.

3. This ground can not be sustained. In *Moseley* v. *Witt,* 79 S. C., pages 143-144, 60 S. E. 520, it is said a written contract of sale may be rescinded and a rent contract substituted by parol. *Fripp* v. *Fripp,* Rice Eq. 108.

Judgment affirmed.