10051

WILLIAMS v. BRUCE *ET AL.*

(96 S. E. 905.)

1. SPECIFIC PERFORMANCE—AMENDMENT—EXHIBIT.—In action for specific performance of contract to convey land, the refusal to allow plaintiff to amend by setting up a writing showing his indebtedness and defendant's undertaking to convey, not purporting to be a contract, and different in terms from that sued on, was not error.

2. EVIDENCE—PAROL EVIDENCE—CONTRACT.—Where contract for conveyance of land was modified by parol, parol evidence was admissible to show its time limit.

3. SPECIFIC PERFORMANCE—EVIDENCE.—Plaintiff must make out a clear contract and a clear offer to comply.

4. FRAUD — RELIANCE ON REPRESENTATIONS. — Where owner of timber land made no effort to inform himself as to value of his timber, he could not recover damages from representations by defendant buyer's agent as to value, inducing plaintiff's sale of land, especially where the agent professed to give only his opinion.

Before RICE and SHIPP, JJ., Marlboro, Spring term, 1915, Summer term, 1916.    Affirmed.

Action for specific performance, etc., by Ira W. Williams against C. G. Bruce and the Marion County Lumber Company. From a decree refusing specific performance, etc., plaintiff and defendant, Bruce, appeal.

The version of the two parties as to the intent of the trade is as follows:

Bruce testifies:

"In my talk with Ira Williams on September 11, 1912, the old contract was made null and void. At that time Ira Williams agreed that the old option had expired. The only trade that was in existence between us was a verbal trade of September 11, which was to be complied with within a few days. The time limit was 15 days."

The version of Williams is in the following words:

"In September, 1912, I made a trade by which I was to buy the land and pay for it in 10 installments and was to borrow the money and pay cash. From that time I was holding both trades. I did not do away with the other. I kept it in reservation."

Williams denies that he was to comply with this trade within any given time. Bruce says that this trade was to be complied with in a few days.

*Messrs. J. K. Owens* and *W. M. Stevenson,* for appellant, Williams, submit: *That it is not necessary to a decree for specific performance that a plaintiff shall establish the exact contract as alleged:* 57 S. C. 279; 22 Enc. Law 900; 56 S. C. 252; 5 S. C. 462; 1 Y. & C. Excheq. 415 (note to paragraph 776, Story Eq. Juris.). *When the construction to be given a contract is rendered doubtful by the language thereof, the interpretation of the contract by the parties themselves is entitled to great weight:* 9 Wall. 50; 10 Wall. 367; 11 Wall. 566; 2 Wall. 728; 37 S. C. 485. *As to waiver of time for performance of contract:* Richardson's Equity 387. *No tender by Williams was necessary:* 53 S. C. 572; 69 S. C. 371; 229 Fed. Rep. 652; 84 S. C. 180. *If Williams cannot obtain full performance, he is entitled to such as he can get:* 77 S. C. 64; 5 S. C. 464; 20 Enc. of Law 116; 57 S. C. 133. *The Marion County Lumber Company had notice of the contract between Bruce and Williams:* 93 S. C. 254; 76 S. C. 449; 67 S. C. 256.

*Messrs. Townsend & Rogers,* for Bruce, as appellant. *Mr. Rogers* submits: *That tender back of the amount paid*

*by Williams to Bruce was unnecessary. An offer to allow credit therefor was all that was required:* 94 S. C. 314. *A party will be relieved from a contract induced by fraud:* 1 Rich. 105; 80 S. C. 298; 50 S. C. 401; *Mobley v. Quattlebaum,* — S. C. —; 202 Fed. Rep. 90.

*M. C. Woods,* for the Marion County Lumber Company, respondent, cites: *As to denial of motion to amend complaint:* 81 S. C. 579; 60 S. C. 139; 70 S. C. 550; 60 S. C. 135. *Appellant must show by the preponderance of the testimony that there was error in the findings of fact of his Honor:* 91 S. C. 473; 92 S. C. 511; 98 S. C. 19. *As to misrepresentations by buyer to seller:* 50 S. C. 401; 53 S. C. 33; 9 S. C. 35; 101 S. C. 236; 101 S. C. 221; 101 S. C. 203. *A party cannot complain of fraud in a transaction, when with knowledge of the fraud, he still retains the benefit, which he derives from the transaction:* 63 S. C. 297; 97 S. C. 34.

*Messrs. Townsend & Rogers,* for Bruce, as respondent. *Mr. Rogers* submits: *That the contract is not subject to specific performance on its face, for the reason that it is made conditional upon the happening of an event, which has never transpired:* Am. & Eng. Enc., 22d vol., page 947; Dudley's Equity, p. 139. *Williams cannot demand partial performance:* 10 L. R. A. (N. S.) 117, and notes; 10 L. R. A. 119, and notes; L. R. A. 122, and notes; 70 S. C. 357; Bailey's Eq. 371. *Williams having advised Bruce to sell the timber for $500 is estopped from demanding more than $500 by way of abatement of the price:* 54 S. C. 344. *Alleged tender void, because made conditionally, and coupled with a demand for more than Williams was entitled to:* 85 S. C. 109. *The Court will not, in the exercise of a sound discretion, decree specific performance of a contract even though absolute on its face, where the consideration is so manifestly inadequate, and the plaintiff was conversant with all the facts, knew the great value of the timber, but withheld this knowledge from the defendant, and actually deceived*

*and misled him to his damage:* 2 Strob. Eq. 77. *Respondent not being at fault in rendering himself unable to perform, specifi performance cannot be decreed:* 22 A. & E. Enc., p. 1029, and notes. *If plaintiff were not estopped, he could claim no greater abatement of price than the proportionate value of the timber sold by respondent bears to the actual value of the land and timber:* 9 Wall. 247; 6 S. C. 46.

July 19, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This action is for specific performance, and was based upon the following paper:

"C. G. Bruce to I. W. Williams.—Contract. Dillon, S. C., Oct. 11, 1911. I hereby agree to buy from C. G. Bruce the entire tract of land known as tract No. 2, or the Annie T. Rogers lands, for the sum of $2,500, to be paid in 10 annual installments and to bear interest at 7 per cent. per annum, payable annually; said Bruce to make a fee simple title to sale as early as he can procure same from the heirs. In the binding of each of us I hereby pay the sum of one dollar, same as part payment. I. W. Williams. Theo. McLaurin, Witness. I hereby agree to the above trade and promise to make papers as early as can be pushed to completion. C. G. Bruce. Theo. McLaurin, Witness."

Bruce was not, at the time, the owner of the land. He subsequently purchased the land, but secured only a half interest in the timber. Bruce, claiming to believe that his obligation to convey to Williams was no longer of force, conveyed the timber to his codefendant, Marion County Lumber Company, for the sum of $500. The plaintiff alleges that the timber was worth $6,500, and asks that the alleged conveyance between the defendants be set aside, for a strict performance of the contract above set forth, and judgment against the two defendants for $6,500 damages.

The defendant, Bruce, by his answer, alleged that the plaintiff had only an option, which he neglected to exercise until the plaintiff's right had expired, but alleged against his codefendant that it has procured its deed from him by fraud, and asked damages for the fraud. The Marion County Lumber Company denied the fraud and claimed good title to the timber.

The above contract will be referred to as Exhibit A. During the hearing before the master the following was introduced as Exhibit C:

"Dillon, S. C., Sept. 11, 1912. To Any Bank, Banker or Money Lender: This is to show that Ira W. Williams owes me two thousand four hundred and seventy-five dollars for my Rogers lands in Brownville township, Marlboro county. Interest from January 1, 1912, on same. Upon payment of same I will make him a good title to same. (Signed) C. G. Bruce."

When the paper was introduced, the plaintiff asked to be allowed to amend his complaint and set it up as an additional contract. Judge Rice refused the motion, and from his order the first exception is taken. The case was heard on its merits before Judge Shipp. He refused to order specific performance or to cancel the timber deed.

From this decree the plaintiff and the defendant, Bruce, appeal.

1. The first question is: Did Judge Rice err in refusing to allow the plaintiff to amend by setting up Exhibit C? The answer is: He did not. A careful reading of Exhibit C will show that it is only the evidence that a contract existed, but does not itself purport to be a contract, and is not the contract set forth in Exhibit A, upon which the plaintiff relied, in that the thing to be conveyed was different, and the terms of payment were different. This Exhibit C, of itself, required a modification of Exhibit A; in other words, a new agreement or contract. Judge Shipp did consider Exhibit C, and the plaintiff had all the benefits, if any, of Exhibit C that he would have had if he had pleaded it. This

disposes of the exception to Judge Rice's order and the first exception to Judge Shipp's decree.

2. The second exception to Judge Shipp's decree complains of error in his holding that there was a 15-day time limit to Exhibit C. It has no written time limit, and the defendant, Bruce, offered parol evidence to show the time limit. The question here is between Williams and Bruce. There is no suggestion that the modified or new contract is in writing. There is evidence that the modified contract is by parol, and, therefore, parol evidence is admissible. It does not appear that Judge Shipp erred in holding that there was a modification of Exhibit A and finding that there was a 15-day modification, and it had expired.

3. The next alleged error is in holding that the plaintiff demanded the entire timber. Be that as it may, it cannot affect this case. The plaintiff must show his contract, the modification, and his offer to comply with the modified contract, and he failed to show it. Judge Shipp's construction of the demand made by the plaintiff is a reasonable construction, and even if he erred, the plaintiff has failed. The plaintiff must make out a clear contract, and a clear offer to comply, or he has failed to make out a case for specific performance. This exception cannot be sustained.

What has been said disposes of all the remaining exceptions of the plaintiff.

4. All the exceptions of the appellant, Bruce, raise the question of fraud, and if there is no evidence of the fraud from which a Court will relieve a party, then what is said as to one exception applies to all. Mr. Bruce does not claim to be of weak mind, and does not claim the protection of the Court on that ground. The contract of sale was procured for the Marion County Lumber Company by a Mr. Myers, now deceased. In his testimony, Mr. Bruce says:

"The morning of the 27th of September Mr. Myers came to see me. I had never seen him before. He said he represented the Marion County Lumber Company, and I had

a tract of timber right close to where they were at work, and that they would like to get it while working so·near, if they could. I told Mr. Myers I had never seen the timber; I absolutely knew nothing about it, would not know it if I was to go on it, and that I would throw myself entirely on his honor to give me the very highest market value for the timber. He said, before he would take advantage of me or any one else, he would not have the timber, and said that he had had people to offer him timber for a whole lot less than the market price, and he would state to them what he considered the market value."

The above is the statement of Mr. Bruce. "It is naught, it is naught, saith the buyer; but when he is gone his way he boasteth," was not intended by Solomon as a prophecy, but as a proverb, and was intended to characterize the conduct of buyers as well-nigh universal. There are some exceptions, but we must deal with average men, and Solomon has stated what will be the statements in a· majority of cases. ·Mr. Myers professed only to give his opinion and no more. He stated that he represented the buyer. He did not claim to be an expert estimator, and there was no evidence that he was. It was not shown that at the time the option was given that either Mr. Myers or the company had made an estimate. No figures were asked for nor given. There was no concealment or misstatement of any fact shown to have been known to Mr. Myers or his principal. Mr. Bruce does not seem to have made the slightest effort to inform himself as to the value of his timber, and it is his own fault if he did not know the things he did not try to learn. This is a very much stronger case (for the respondent) than the case of *Mobley v. Quattlebaum,* 101 S. C. 236, 85 S. E. 589, where it is said:

"Courts of equity do not sit for the purpose of relieving parties, under ordinary circumstances, who refuse to exercise a reasonable diligence or discretion."

The judgment is affirmed.