12299

## KOTH v. BOARD OF EDUCATION OF JASPER COUNTY

(140 S. E., 99)

1. EVIDENCE—AGREEMENT, ENTERED INTO SUBSEQUENT TO TIME OF WRITTEN AGREEMENT, MAY BE ESTABLISHED BY PAROL EVIDENCE.— While parol evidence of negotiations prior to, or contemporaneous with, execution of written instruments is inadmissible, since written instrument may be subject of subsequent agreement, if it contains elements of a contract, such subsequent agreement may be established by parol evidence.

2. SCHOOLS AND SCHOOL DISTRICTS—WAIVER BY SCHOOL DISTRICT OF RIGHT TO CANCEL CONTRACT HELD CONSIDERATION FOR MODIFIED CONTRACT, PROVIDING PLAINTIFF SHOULD NOT DRIVE SCHOOL BUS.— Where contract for transporting pupils provided that board of education had right, on 12 hours' notice, to cancel contract for violation of condition that bus was to be driven only by plaintiff or other competent person, waiver by school board of its right to proceed under contract to cancel it for cause was sufficient consideration for modification of original contract providing plaintiff should not drive the bus.

3. CONTRACTS—SEALED INSTRUMENT MAY BE ALTERED BY SUBSEQUENT PAROL AGREEMENT OF PARTIES PROVIDING IT CONTAINS ELEMENTS OF CONTRACT.—Rule of common law that a sealed instrument can only be altered by another sealed instrument no longer obtains, and a sealed instrument can be altered by a subsequent oral agreement,. provided it contains elements of a contract.

4. EVIDENCE—EVIDENCE OF SUBSEQUENT ORAL AGREEMENT THAT OWNER. OF BUS TRANSPORTING PUPILS SHOULD NOT DRIVE, BUT SHOULD EM--

PLOY COMPETENT DRIVER, HELD ADMISSIBLE.—In action for balance on contract for transporting school children by automobile bus, defendant's evdience that, after contract was made, disagreement arose on account of plaintiff's conduct while driving, and that oral agreement was entered into that thereafter plaintiff should not personally drive truck, but should hire a competent driver, *held* admissible.

Before MAULDIN, J., Jasper, November, 1926. Reversed.

Action by W. C. Koth against the County Board of Education of Jasper County. From a judgment for plaintiff, defendant appeals.

*Messrs. Klugh Purdy* and *J. P. Wise,* for appellant, cite: *Unsealed instrument:* 13 C. J., 306. *Admission of parol evidence to alter or vary a written instrument:* 22 C. J., 1273; 110 S. C., 421; 96 S. C., 286. *Same, sealed instrument:* 13 C. J., 595; 122 S. E., 324.

*Mr. J. W. Manuel,* for respondent, cites: *Sealed instrument:* Secs. 3651, 5216, Code. *Same cannot be modified by subsequent oral agreement not fully executed:* 13 C. J., 612; 111 Ill. App., 460; 157 Ill. App., 186; 125 Fed., 838; 92 S. E., 100; 141 N. Y. S., 89; 6 R. C. L., 300; 164 Ill., 302. *Where a contract signed by one party only, is accepted by the other party, it becomes binding upon both as if signed by both:* 27 S. C., 376. *The agreement of one of the parties to a contract to do what he is already bound to do is not a valid consideration for the other party giving up a substantial right:* 114 S. E., 457; 119 N. C., 34; 43 S. E., 732; 2 Speer, 697; 1 Strob., 329. *The rights of the parties could not be determined under the pleadings; inapplicable:* 122 S. E., 324. *Exceptions not made below not heard on appeal:* 89 S. E., 657.

October 28, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

I do not agree with the disposition of this appeal indicated in the opinion of the Chief Justice for the following reasons:

The action is for the recovery of $250, an alleged balance due to the plaintiff by the defendant, under the terms of a written contract for the transportation by automobile truck of school children, during the school year 1925–1926.

It appears beyond dispute that in September, 1925, the parties entered into a written contract covering the matter. The plaintiff was to receive $125 per month for his service. A clause in the contract provided:

"Said bus or truck is only to be driven by the said W. C. Koth or some designated competent person only after the approval of the said County Board of Education is given thereto."

The contract also provided that the County Board of Education should have the right upon twelve hours' notice to cancel the contract for a violation of the conditions thereof.

The defendant in its answer alleged that, after the plaintiff had been operating under the contract for six months, a disagreement arose between the parties as to the proper performance of the contract by the plaintiff, on account of his conduct while driving the truck; that the disagreement was composed by an oral agreement that thereafter the plaintiff should not under any circumstances personally drive the truck, but should hire a competent driver; that the plaintiff complied with said oral agreement for one month, but later commenced to drive the truck himself; that thereafter the defendant gave him notice to show cause why the contract should not be canceled; that he paid no attention to the notice, whereupon the defendant declared the contract canceled, and employed another to transport the school children.

The case was tried by his Honor Judge Mauldin and a jury. The defendant offered evidence tending to establish the defense above stated, which was objected to by plaintiff's attorney, upon the ground that it tended to vary the

terms of the written contract and offended the parol evidence rule. The objection was sustained, the evidence excluded, and, on the plaintiff's motion, a verdict for the full amount claimed was directed in his favor. From the judgment entered thereon the defendant has appealed; the main ground being the exclusion of the evidence referred to.

While parol evidence may not be received of negotiations prior to, or contemporaneous with, the execution of a written instrument, the written instrument may itself be the subject of a subsequent agreement, provided it contains the elements of a contract. That such an agreement may be established by parol is beyond question.

In 22 C. J., 1273, the rule is stated thus:

"The rule forbidding the admission of parol evidence to alter, vary, or contradict a written instrument does not apply so as to prohibit the establishment by parol of an agreement between the parties to a writing, entered into subsequent to the time when the written agreement was executed, notwithstanding such agreement may have the effect of adding to, changing, or even altogether abrogating the contract of the parties as evidenced by the writing."

This rule is supported by numerous authorities therein cited, among which are the South Carolina cases of *Williams v. Bruce,* 110 S. C., 421; 96 S. E., 905, and *Midland Co. v. Pickens,* 96 S. C., 286; 80 S. E., 484. See also, *Bradford v. Union Bank,* 13 How, 57; 14 L. Ed., 49. *Stark Electric R. Co. v. McGinty* (C. C. A.), 238 F., 657. *Rowland v. Biesecker* (C. C.), 181 F., 128. *Pecos Valley Bank v. Evans* (C. C. A.), 107 F., 654. *Taylor v. Finnigan,* 189 Mass., 568; 76 N. E., 203.; 2 L. R. A. (N. S.), 973.

It appears from the answer that the defendant had what it at least deemed sufficient complaint as to the performance of the contract by the plaintiff. Under the terms of the contract a failure on his part justified a cancellation of the contract. The waiver by the defendant of its right to proceed under the contract was a sufficient

consideration for the alleged modification of the original contract. *Callaham v. Ridgeway,* 138 S. C., 10; 135 S. E., 646.

But the respondent argues that the contract in this case, being a sealed instrument, could only be altered by an instrument of equal dignity, to wit, another sealed document. That this was anciently the rule at common law is true. *Knabe v. Bowles,* 123 Md., 475; 91 A., 567.

But with the spread of the knowledge of writing to the common people the necessity for a seal has vanished, and the tendency of the modern decisions is to abrogate this rule and to place in this respect a sealed instrument in the class with other writings.

In *Adams v. Battle,* 125 N. C., 152; 34 S. E., 245, the Court says:

"The chief reasons for the sacredness of the seal have ceased, since Statutes and Courts of Equity have been liberally removing the hard places of the common law."

And the Court holds that a deed may be altered by a subsequent parol agreement.

In note to *Harris v. Murphy* (N. C.), 56 Am. St. Rep., 670, the text says:

"There is much good authority * * * in support of the proposition that * * * a * * * contract under seal may be discharged, released, or dispensed with, in whole or in part, by a verbal agreement, founded upon a proper consideration."

And in the same text:

"A contract under seal may be annulled by a new agreement by parol followed by actual performance "of the new agreement.

In 10 R. C. L., 1034, it is said:

"Under the modern rule proof may be given of an agreement made subsequent to a contract under seal"—citing *Mc-*

*Cauley v. Keller,* 130 Pa., 53; 18 A., 607; 17 Am. St. Rep., 758.

It seems to me that this modern rule is more compatible with reason and justice than the harsh rule of the common law.

For the above reasons, I think the evidence should have been admitted and dissent from the opinion of the Chief Justice.

A majority of the Court concurring, the judgment is reversed, and a new trial ordered.

Mr. Chief Justice Watts (dissenting): This is an appeal from a directed verdict in favor of the plaintiff by his Honor Judge Mauldin. Under the pleadings in the case and the issues as made by the pleadings, Judge Mauldin was correct in excluding the evidence offered and in directing a verdict as he did.

This Court has held that the Circuit Judge may be wrong in his reasoning, but, if he is correct in his conclusion, this Court will not interfere.

The exceptions are without merit; the judgment should be affirmed.