Hesseltine *v.* Seavey.

---

PETER H. HESSELTINE & al. vs. ANSEL SEAVEY.

Since the statute of frauds the surrender of a lease can be proved only by deed or note in writing, or by act and operation of law.

But in an action on a lease of a house for the term of one year at a stipulated rent, to be paid quarterly, it is competent to prove by parol evidence, that, before the expiration of the first quarter, the lessee removed from the house and that the lessor accepted the key from the lessee, and put in another ten-ant, who entered and remained in the house to the end of the term. And such proof furnishes a good defence to a claim on the lease for rent for the three last quarters.

THE action was covenant broken, upon a duplicate lease under seal and executed by the parties, dated *August* 12, 1833. By the lease, the defendant was to occupy a house of the plaintiffs' in *Bangor*, for the term of one year from date, paying a certain rent therefor in quarterly payments. The substance of the pleadings are stated in the opinion of the Court. At the trial, the defendant called one *Grant*, as a witness, who testified, that about the middle of *November*, 1833, the defendant and one *Advardis Shaw* came into the store of the plaintiffs, where the witness then was, and that the defendant asked the plaintiffs, if they were going to take the lease back from him, and let *Shaw* have the house; that the plaintiffs replied, that they were, and said that they had not the lease there, but would get the lease and give it up in a few days;

that the defendant then gave the plaintiffs the key of the house, and that they took it and gave it to *Shaw;* and that the defendant had moved out of the house ten or twelve days before, and *Shaw* moved in three or four days after, and remained in eight or nine months. To the introduction of this testimony and its competency to prove the issue the plaintiffs objected. It appeared that the leases had not been given up, each retaining his own, without any appearance thereon of their having been cancelled. The payment of one quarter's rent was indorsed, as having been received *Nov.* 12, 1833. There was testimony introduced to disprove the statement of *Grant*, and to support it.

SHEPLEY J. presiding at the trial, hereupon instructed the jury, that if they were satisfied, that the testimony of *Grant* represented truly what took place between the parties, and that it took place before the close of the first quarter, it would be sufficient, to establish the truth of the defendant's brief statement, and they would find for the defendant; but that if not so satisfied, they would find for the plaintiffs.

The verdict was for the defendant, and the plaintiffs excepted.

*M. L. Appleton*, for the plaintiffs, contended, that the express covenants of the defendant could not be discharged, or the lease surrendered, by mere verbal declarations without writing, or giving up the lease, or cancelling it. Statute of frauds, *stat.* 1821, *c.* 53, *sec.* 2 ; *Co. Lit.* 333 ; 1 *Saund.* 235, *note* 9 ; 6 *East*, 86 ; 9 *B. & Cr.* 288 ; 11 *Wend.* 616 ; 8 *Cowen*, 71 ; 2 *Stark. Cas.* 379 ; 2 *Camp.* 103 ; 3 *Stark. Ev.* 996 ; *Roberts on Frauds*, 11 ; 5 *Greenl.* 381. The case before cited, from 9 *Barn. & Cr.* 288, defines what is a surrender by operation of law. This case is not of that character.

*Rogers* and *A. W. Paine*, remarked, that it would appear a little strange, if a landlord could have two independent tenants, not occupying jointly, of the same building at the same time, and compel each to pay the full rent of the whole building. The law is not subject to this reproach. A contract under seal may be waived and another substituted for it by parol. If one tenant goes out with the assent of the landlord, and another comes in with his assent and occupies, the first is discharged from the payment of rent.

And this may be proved by parol, although the lease be under seal. *Randall* v. *Rich*, 11 *Mass. R.* 494 ; *Munroe* v. *Perkins*, 9 *Pick.* 298 ; 1 *Har. & Gill*, 308 ; 4 *Dall.* 134 ; 2 *Wend.* 561 ; 1 *Rawle*, 435 ; 4 *Cowen*, 581 ; 7 *Cowen*, 48 ; 2 *Stark. Ev.* 591 ; 3 *Stark. Ev.* 1518.

The opinion of the Court was by

SHEPLEY J.—Since the statute of frauds there is no doubt, that a surrender of a lease can be legally proved, only by deed or note in writing, or by act and operation of law.   In this case, there was no proof of any deed or note in writing or of any fact, that would shew a surrender by act or operation of law.   And that part of the defendant's brief statement, which alleges a surrender of the lease, cannot be regarded as legally proved.

The brief statement proceeds further, and alleges, that the lessee quitted the premises, and " that thereupon, the said lessors leased the premises to one *Advardis Shaw*, who entered and continued to occupy the same during the whole term then to come."   And the plaintiffs took issue upon this allegation of the defendant.   The testimony was properly admitted to prove the facts thus put in issue by the parties.   Whether if proved they would amount to a legal surrender, or what their effect might be would still be a question for the Court.

The instructions did not place the exemption of the defendant from the further payment of rent upon the ground of a surrender of the lease, but upon the defendant's proof of the truth of his brief statement so far as it stated facts.   And the question is, whether the facts proved discharged the defendant from the further payment of rent.

The case of *Randall* v. *Rich*, 14 *Mass. R.* 494, so far as relates to the tenancy, was much like the present; and the Court stated several views, which might be taken of the transactions, by which the defendant would be discharged.   One was, that the lessee might be regarded as ousted by the lessor.   If the lessors as in this case, accept the key, and put in another tenant, who remains to the end of the term, they may well be regarded as having so conducted, that they cannot be permitted to deny, that they have ousted the lessee ; and in such case, no rent is recoverable.

*Exceptions overruled.*