Ruffin, C. J.
 

 The facts are obscurely stated, so that one cannot be sure of comprehending properly the merits of the case. Yet one error seems sufficiently apparent to require a
 
 venire de novo.
 
 The terms of the instructions, in connection with the positions taken by the parties, imply,
 
 *282
 
 that the lease to the plaintiff for the premises, on which the mill was to be erected, was tor the purpose of mining, and that thereby the premises became vested in the plaintiff; and that it was intended in some way, direct or indirect, by virtue of a verbal contract, without any writing, to pass the premises and vest them, as partnership property, in the supposed firm, constituted by the plaintiff and the defen. dant; and then it was laid down to the jury, that the term would be so vested in the firm, by force of the contract, though without writing. In that opinion the Court does not concur.
 

 The act of 1819, Rev. St c. 50, s. 8, makes void every contract to sell or convey any interest in land, unless a note thereof be put in writing and signed — excepting only contracts for leases not exceeding three years. The act of 1844, c. 44, further provides, that all contracts for leasing, and all leases of land for the purpose of mining, shall be void, unless put in writing and signed. The two acts are
 
 in pari materia,
 
 and to be construed accordingly. The effect of them, taken together, is, that all contracts to sell or lease land and all leases of land shall be void, unless they be written, with an exception of leases not exceeding three years, with a proviso, that leases or contracts for lease for the purpose of mining, shall not be within the excep. tion, but must be in writing. Therefore, the provisions are, that verbal agreements for leases for any land for more than three years, and those for mining for any time, though less than three years, are void. ■ That is not contested in respect to the creation of a term. But a distinction was taken at the trial between the creating and transferring a term; and in the latter case it was held, that a writing was not necessary. It is true, there is no express provision in our statutes, as in the ‘statute 29 Car. II., requiring an assignment or underletting by a termor to be in writing, by operation of law. But these results follow as
 
 *283
 
 naturally and almost as necessarily from the fair construction of our acts as they do from the express provisions in detail in the English statute of frauds. Transfers by act of law, as in bankruptcy or by succession, arise from the nature of property, and there can be no necessity for requiring a writing to pass such interests, or for an enactment, that they should pass without writing. What passes by operation of law is necessarily not within the purview of a statute, providing lor contracts
 
 inter partes^
 
 and prescribing certain forms for particular contracts, in order to guard against pretended contracts being set up by fraud and perjury. It is next to be observed, that the creation of a term by the owner of the inheritance of a greater duration than three years, and the transfer of such a term, by contract, stand precisely on the same reason, as to the danger of fraud and perjury in claiming under them. Therefore, it is natural, that they should be placed on the same footing in the statute, and the act, as a remedial one, should be construed as thus placing them, if the words will allow it. The words in these statutes, in truth, embrace the transfer of terms, as well as the creation of them. They are, that all contracts to sell or convey land or any interest in or concerning it, shall, with one exception, be void, unless in writing. Now, a term for years is not only an interest^ but it is an estate, in land; and therefore a, contract to assign a term is' a contract to sell and convey land. Besides, it is a mistake to suppose, that the statute, in respect to the creation of terms, embraces only those created immediately out of the inheritance. For, it speaks of all contracts for' lands, which includes, of course, all leases, created in any manner, other than those of three years or under, which are expressly ' excepted. Therefore, if a termor underlets the premises, or a part of them, for part of the term, so as to leave a reversion in himself, that is a new term created out of the
 
 *284
 
 former, and is within the words of the act, and’, if it be for more than three yeais, it must clearly be in writing. The inference, then, seems irresistible, that such a Pong termor cannot assign without writing; for, it would impute an absurdity to the Legislature to suppose a writing indispensable for a termor to pass a part of his estate, while he is allowed to pass the whole by an assignment by word of mouth. It does not, indeed, appear, what was the length of the plaintiff’s term; but it is not material* as it was assumed to be a mining lease, and, as has been before observed, the act of 1844 puts that on the same footing with a term in lands generally exceeding three years, and therefore requires writing to create or assign it, by contract.
 

 Pjsr Curiam. Judgment reversed, and venire de novo.