Nash, C. J.
 

 The parties in their bill and answer agree, that the defendant, Frederick, had purchased the tract of land in question, from the defendant, Robert B. Wallace, and paid up the purchase money, and that the latter, by way of conveying the title to Frederick, assigned over to him the deed made to him Wallace, by Alexander Wallace, under which he claimed, and each party at the time believing such a transfer of the deed was a sufficient conveyance. They further agree that after such sale to Frederick, R. B. Wallace conveyed the land to his brother, Mathew Wallace, one of the defendants. The bill charges, that the plaintiff purchased the land from Frederick, who conveyed it to him by deed duly executed. This is not denied. It further charges that if Mathew is a purchaser of the land from his brother, he purchased with full notice of the equity of both Frederick and the plaintiff. The answers 'are, that after the sale by R. B. Wallace, to the defendant, Frederick, and' before the sale of the former to the defendant, Mathew Wallace, the contract between the two former was rescinded, and that Frederick directed R. B. Wallace to sell the land and pay him back his money. The defendant, Mathew, denies that at the- time he made his purchase, he knew of the equitable title of the defendant, Frederick, or of the plaintiff, but states,
 
 a
 
 the fact is that he, Mathew Wallace, was informed that the contract was rescinded, as he now alleges the fact to be, and was then informed that the complainant said he would risk the title,, though he knew at the time he purchased from Frederick that the contract had been rescinded. Both the defendants rely upon the alleged rescinding of the original contract, and both by their answers admit, for they do not allege the contrary, that the contract of recision was by parol.
 

 
 *254
 
 The Act of 1819 makes
 
 void “
 
 all contracts to sell or convey lands, tenements or hereditaments, or any interest in or concerning them, unless such contract or some memorandum or note thereof shall be put in writing,” &c. • By his purchase from R. B. Wallace, and by the assignment by the latter of the deed from Alexander Wallace, Frederick acquired such an interest in the land as brought it within the exceptions of the Act, and it could not be conveyed by him so as to transfer a title either at law or in equity to another, unless by some writing. If, therefore, the rescinding did take place, as alleged by the defendants, it did not alter the relation ■ existing between the parties by the sale. The equitable title of Frederick still remained in him, and he transferred it by a regular deed to the plaintiif. . The answer of Mathew Wallace sufficiently shows, that at the time he made his contract, he not only knew of the sale to Frederick, but of the purchase from him by the plaintiff. His allegation, that at that time the contract between his brother and Frederick had been rescinded, cannot alter the relation in which he stood to the transaction. He knew that it was by parol, and was bound to know that under the law, it was void. He was, therefore, a purchaser with full knowledge of the equity of the plaintiff. The plaintiff is entitled to the relief he asks.
 

 Per Curiam. Decree accordingly.