DORA S. ALEXANDER v. LULA MORRIS.

(Filed 11 September, 1907).

1. **Lessor and Lessee—Parol Assignment—Statute of Frauds.**

A verbal assignment of an unexpired lease of land, to terminate more than three years from the date of the assignment, is void under the statute of frauds.

2. **Same—Evidence—Lease—Assignment—Endorsement.**

An endorsement upon the written assignment of a lease, "We hereby transfer all our rights and title and interest in this lease," etc., means the original lease referred to and fully described therein.

CIVIL ACTION to recover possession of a leasehold, tried before *W. R. Allen, J.,* and a jury, at Spring Term, 1907, of TYRRELL Superior Court. The Court adjudged, upon the facts agreed, that plaintiff was not entitled to recover. Plaintiff appealed.

*J. E. Alexander* and *M. Majetle* for plaintiff.
*W. M. Bond* for defendant.

BROWN, J. The property in controversy was leased for eight years, beginning on 2 January, 1900, to Mrs. F. E. Cohoon, wife of E. P. Cohoon. On 30 July, 1903, F. E. Cohoon and husband duly assigned the lease to Abner Alexan-

der, with a *proviso* that if Alexander should die before the expiration of the lease the property should return to Mrs. Cohoon for the remainder of the lease. Alexander died 8 April, 1904, and on 30 August, 1904, Dora S. Alexander, the plaintiff, took from Mrs. Cohoon a verbal assignment of the unexpired term. On 23 July, 1906, F. E. Cohoon and her husband executed to the plaintiff a written assignment of the lease.

It appears, however, that on 21 May, 1906, F. E. Cohoon delivered to the defendant the written assignment of the lease which had been made to Abner Alexander on 30 July, 1903, with the following endorsement: "We hereby transfer all our right and title and interest in this lease to Lula Morris." This is dated 21 May, 1906, and is signed "F. E. Cohoon, per E. P. Cohoon, agent." It is admitted that the latter was the general agent for his wife, and that by virtue of such assignment defendant was in possession of the property.

The verbal assignment of the lease made to plaintiff was absolutely void, because, at the date thereof, 30 August, 1904, the lease had more than three years to run, and, therefore, such an interest in land could only have been assigned in writing. Revisal, sec. 976. At the time of the written conveyance, dated 23 July, 1906, made by Mrs. Cohoon and husband to plaintiff, they had, on 21 May, 1906, assigned the unexpired term to defendant. As there was then only about nineteen months of the term remaining, it required no deed under seal or privy examination to effect a conveyance thereof. It could be assigned by parol. It is admitted that E. P. Cohoon was the general agent of his wife in the management of her property, and his authority to act for his wife is not contested. Under and by virtue of this assignment defendant has remained in possession of the leasehold estate up to this time.

We cannot agree that the assignment is invalid because not written on the original lease. The paper upon which it was

written referred to and fully described the lease and the property, and in using the words "this lease" in the assignment the assignors plainly meant the original lease executed to Mrs. Cohoon by Winston Sikes. Upon the facts agreed we concur with his Honor that plaintiff is not entitled to recover.

Affirmed.