ERNEST W. MOORE AND HIS WIFE, KATHLEEN JAMES MOORE, v.
J. M. SHORE.

(Filed 20 June, 1934.)

1. **Deeds and Conveyances C g: Frauds, Statute of, B a—Rights created by restrictive covenants in deeds are in nature of easements.**

   Where land in a development is sold by deeds containing certain restrictive covenants, the rights of purchasers of lots therein in respect to the covenants contained in another purchaser's deed is in the nature of an easement, and their contracts and agreements in respect to such rights are subject to the provisions of the statute of frauds, C. S., 988, and it would seem that ordinarily their easement in such other purchaser's lot may not be released by them by parol agreement.

2. **Appeal and Error B b—Appeal will be decided in accordance with theory of trial in the lower court.**

   Whether plaintiffs' verbal release of their easements over defendant's land, created by restrictive covenants in defendant's deed, could be enforced as debated upon the argument, *held* not necessarily determinative of the appeal in view of the fact that defendant's answer relied upon equitable estoppel against plaintiffs and not a release of the easements.

3. **Deeds and Conveyances C g: Estoppel C a—Owners of dominant tenements may be estopped from asserting easements over servient tenement.**

   Plaintiffs, the purchasers of lots in a development by deeds containing certain restrictions, brought action against defendant, an owner of another lot in the development, to enjoin defendant from violating the restrictive covenant in his deed by building a filling station on his lot. Defendant filed answer alleging that plaintiffs, prior to the time he purchased the lot, had agreed verbally to permit him to construct a filling station on the lot if he bought same, that in reliance on their agreement he had purchased the lot, and had paid the purchase price and had expended funds for the construction of the filling station, with knowledge of plaintiffs, and that plaintiffs were thereby estopped from maintaining their action to enforce the restrictions. *Held*, the issues relating to the estoppel pleaded should have been submitted to the jury, and judgment on the admissions in the pleadings permanently restraining defendant from erecting the filling station is held erroneous.

APPEAL by defendant from *Alley, J.,* at March Term, 1934, of FORSYTH. Reversed.

This is an action to restrain the defendant from erecting and operating a filling station on a lot of land owned by him in violation of certain restrictive covenants contained in the deeds under which the defendant holds title to said lot, which were imposed upon the successive owners of said lot of land for the benefit of the owner of the lot of land now owned by the plaintiff, and of the owners of the other lots of land, which are included within a real estate development known

as the Shouse property. The plaintiffs and defendant derive title to their respective lots of land from a common source.

The action was begun and tried in the Forsyth County Court. At the trial, judgment was rendered on the admissions in the pleadings and on facts stipulated by the parties, restraining the defendant from erecting and operating a filling station on the lot of land owned by him, or from otherwise using said lot of land in violation of the restrictive covenants contained in the deeds under which he holds title to the same.

The defendant excepted to the judgment and appealed to the Superior Court of Forsyth County. The judgment of the county court was affirmed, and defendant appealed to the Supreme Court.

*Parrish & Deal for plaintiffs.*
*R. Glenn Key for defendant.*

CONNOR, J. It is conceded that on the facts admitted in the pleadings and stipulated by the parties, the plaintiffs are entitled to the relief prayed in this action (*Johnston v. Garrett,* 190 N. C., 835, 130 S. E., 835), unless the defense relied upon by the defendant is sustained.

In his answer, the defendant alleges that before he purchased the lot of land now owned by him, and before he began the erection of a filling station thereon, he secured the permission of the plaintiffs and of owners of other lots included in the Shouse development to erect and operate a filling station on said lot of land, in the event he purchased the same; that relying on the permission and agreement of the plaintiffs and of owners of the other lots of land, he purchased said lot of land, paying therefor the sum of $1,000; and that since he purchased the said lot of land, he has expended the sum of $200.00 for materials and labor for the erection of a filling station on said lot. He alleges that plaintiffs well knew that he had purchased the said lot of land for that purpose and with this knowledge acquiesced in such purchase and expenditures. He further alleges that plaintiffs are now and should be estopped from maintaining this action.

At the trial, it was admitted by the defendant that the contract and agreement with the plaintiffs alleged in his answer was verbal, and not in writing, signed by the plaintiffs or either of them.

The right of the plaintiffs by virtue of the restrictive covenants contained in the deeds under which the defendant holds title to the lot of land now owned by him, with respect to said lot of land, is an easement, or in the nature of an easement (*Davis v. Robinson,* 189 N. C., 589, 127 S. E., 697), and is therefore an interest in land. For that reason, contracts with reference to such right are subject to the

provisions of the statute of frauds. C. S., 988. *Combs v. Brickhouse,* 201 N. C., 366, 160 S. E., 355.

The question debated on the argument of this appeal, however, to wit, whether a verbal release of an easement can be enforced—is not necessarily determinative of this appeal. The defendant relies upon the facts alleged in his answer, not as a legal release of the easement, but as an equitable estoppel on the plaintiffs to maintain this action.

In *Combs v. Brickhouse, supra,* the rule that an easement cannot ordinarily be extinguished or released by a mere unexecuted parol agreement (19 C. J., 949), is recognized and approved. It was held, however, in that case that an easement may be abandoned by the owner of the dominant tenement by unequivocal acts showing a clear intention to abandon and terminate the right, and that such owner may be estopped to assert the right by his conduct relied on by the owner of the servient tenement. The rule that a parol agreement between the owners of the dominant and servient tenements may operate to extinguish an easement where such agreement has been acted upon by the owner of the servient tenement, was applied in that case. This is a just rule, and in proper cases will be applied to prevent injustice. 19 C. J., 949, and cases cited in support of text.

There was error in the judgment in the instant case. The issues raised by the pleadings should be submitted to a jury. To that end, the judgment is

Reversed.