Christ Selimos, Appellant, v. Louis Marinos, Appellee.

Gen. No. 42,991.

Opinion filed May 5, 1944. Rehearing denied May 19; 1944.

PETER S. SARELAS, of Chicago, for appellant.

BERNARD McDEVITT, JR., of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On May 26, 1928 Christ Selimos, the owner of a building at the southeast corner of Cicero avenue and Roosevelt road, Cicero, Illinois, and Louis Marinos executed a written lease for a store in the premises known as 1207 South Cicero avenue, to be occupied for a restaurant business for a term commencing June 1, 1928 and expiring August 31, 1935, at a rental of $85 a month until August 31, 1929, $100 a month until August 31, 1930 and $125 a month until August 31, 1935. On December 30, 1941 judgment by confession was entered in the circuit court of Cook county for $6,251.25, asserted to be the amount of the instalments of rent for the period from October 1, 1931 until August 31, 1935, in the sum of $5,875 and $376.25 for attorney's fees. In due time the defendant filed a written motion, supported by his affidavit, to open up the judgment and for leave to appear and defend. The court sustained this motion. Plaintiff objected and excepted to the entry of the order opening up the judgment. A trial before the court and a jury resulted in a verdict for the defendant. Motions for a judgment notwithstanding the verdict and for a new trial

were denied and judgment was entered on the verdict. Plaintiff appeals.

He urges that defendant's motion and supporting affidavit are insufficient to authorize the opening of the judgment; that the allegations are mere conclusions; that they do not state a valid defense to the action; and that they do not meet the requirements of Rules 15 and 26 of the Supreme Court. Defendant insists that the facts alleged in his supporting affidavit disclose a defense on the merits. The affidavit recites that the defendant occupied the premises and paid the rent due and owing until September 30, 1931; that the statute of limitations barred that part of plaintiff's cause of action covering the months of October, November and December 1931; that plaintiff occupied a store in the same building at 4757 Roosevelt road as a retail confectionery and ice cream parlor; that on or about September 15, 1931 defendant ''advised'' plaintiff that his restaurant business had fallen off to such an extent as not to warrant the payment of the stipulated rent; that thereupon plaintiff told defendant that he could surrender his lease ''when the plaintiff remodeled the store adjoining his confectionery store'' so that plaintiff could establish a restaurant in connection with the confectionery store; that ''at said time'' plaintiff told defendant to give to plaintiff defendant's copy of the lease; that plaintiff did not have his copy of the lease with him ''but that he would destroy both copies and would declare the tenancy of the defendant at an end.'' The affidavit further stated that plaintiff also told defendant that he would open up the wall of the confectionery store adjoining the store at 1205 South Cicero avenue and establish a restaurant business there; that he would accept the surrender of the store at 1207 South Cicero avenue ''if the defendant gave the possession of that store to the plaintiff when plaintiff had prepared his restaurant location at 1205 South Cicero avenue''; that thereupon defendant having

been assured by plaintiff that he could seek another restaurant location where a lower rate of rental would prevail, delivered to plaintiff his (defendant's) copy of the lease and agreed with plaintiff to surrender "all his rights thereunder and the possession of the premises therein demised"; that on or about October 1, 1931 "plaintiff having prepared for himself the restaurant in the store at 1205 South Cicero avenue and entered into that business, the defendant immediately surrendered possession of the store at 1207 South Cicero avenue and delivered the keys thereto to the plaintiff, all of which plaintiff accepted"; that prior to October 1, 1931, while plaintiff was engaged in remodeling the store at 1205 South Cicero avenue, "the defendant before he removed from the plaintiff's premises, relying on the agreement of the plaintiff, that plaintiff would accept the surrender of the demised premises by defendant in the manner specified, sought out and obtained a demise by written lease of another store for a restaurant, two miles away, and obligated himself for a period of some three years to become a tenant for a consideration in said premises." The affidavit continues: "All of this the plaintiff knew following his agreement to cancel his lease with the defendant and to accept the surrender of the premises demised by him to defendant and prior to the time that defendant delivered up possession as agreed"; and that at no time, until November 1, 1941, did plaintiff or any agent of plaintiff make any demand on him for the rent. When the judgment was opened up for the purpose of allowing the defendant his day in court, the affidavit was permitted to stand as defendant's answer to the complaint. Supreme Court Rule 26 requires that the affidavit supporting a motion to open a judgment by confession shall conform to Rule 15. Rule 15 requires that the affidavit shall be made on the personal knowledge of affiant; that it shall set forth with particularity the facts upon which the claim, counterclaim or de-

fense is based; that it shall have attached sworn or certified copies of all papers upon which the party relies; that it shall not consist of conclusions, but of such facts as would be admissible in evidence; and that it shall affirmatively show that affiant if sworn as a witness can testify competently thereto. The affidavit supporting the motion in the instant case does not literally meet the requirements of Rule 15. It does, however, substantially meet such requirements. It is apparent from the affidavit that defendant was stating that he personally knew the facts therein stated to be true. A reasonable inference from the affidavit is that the defendant, if sworn as a witness, could testify competently as to the asserted facts. In our opinion the affidavit contains averments of fact and is not vulnerable to the charge that it consists of conclusions. While the record shows that at the time the order opening the judgment was entered, plaintiff objected and excepted, the record does not show what the nature of the objections was. About a week after the entry of the order permitting the judgment to be opened, plaintiff sought leave to file a reply to the affidavit of defendant. The record does not show that in the trial court plaintiff voiced any objection to the affidavit on the ground of informality in not complying with Rule 15.

The court, in opening up the judgment, was following the rule announced in the leading case of *Alschuler v. Schiff*, 164 Ill. 298. In that case our Supreme Court said (303):

"A defendant might, by parol proof, show, in an action against him on a contract or lease under seal, that he had made full payment of all amounts due, and thus was discharged. He might also, by parol testimony, show an eviction where there was no default by him in his lease, and thus a discharge. We know of no good reason why he may not also show, by parol proof, that by agreement between the landlord

and himself he has been released from the terms and obligations of the lease, and has, in pursuance thereof, surrendered possession of the premises to the landlord. . . . We hold it to be the law of this State, that where it is not sought to alter or change the terms of a contract under seal, still leaving it in force, but where the object is to show that such instrument has been abrogated, canceled and surrendered, the question is one of fact for a jury, and evidence thereon is admissible.''

Plaintiff calls our attention to the language of the 12th clause of the lease that ''any act or series of acts except an express written waiver shall not be construed as a waiver of lessor's right to act without notice or demand or of any other right hereby given lessor, or as an election not to proceed under the provisions of the lease.'' Plaintiff asserts that in the cases cited by defendant the leases involved did not have a clause with language similar to that above quoted from the 12th clause. Plaintiff maintains that the provision in clause 12 ''forbidding the cancellation of the lease by oral agreement is not unlawful, it is not against public policy, and as a matter of fact we believe it is aimed to prevent perjury of the type that is abundant in the case at bar on behalf of defendant.'' Clause 12 does not ''forbid the cancellation of the lease.'' This clause provides that any act or series of acts shall not be construed as a waiver of lessor's right to act without notice or of any other right given in the lease to the lessor, or as an election not to proceed under the provisions of the lease, unless there is ''an express written waiver'' by the lessor. It will be observed that the Supreme Court in the *Alschuler* case stated that the tenant could show by parol evidence that by agreement between the landlord and himself ''he has been released from the terms and obligations of the lease and has, in pursuance thereof, surrendered possession

of the premises to the landlord.'' The Supreme Court envisioned a parol agreement releasing the respective parties from the terms and obligations of the lease, followed by the carrying out of such agreement through the surrender of the premises to the landlord. In our opinion the written ''waiver'' and ''election'' contemplated in clause 12 do not affect an oral agreement to cancel or abrogate a lease followed by surrender of premises pursuant to such agreement. Therefore, the language quoted from clause 12 is not applicable to the defense presented in the instant case and does not exclude the presentation of testimony of a parol agreement and the execution thereof in accordance with the opinion in the *Alschuler* case.

The second point advanced by plaintiff is that defendant claimed the right to open and close the argument to the jury, but that he failed to prove his case by a preponderance of the evidence, and plaintiff's third point is that the judgment is contrary to the manifest weight of the evidence. He also insists that the court erred in denying his motions for judgment notwithstanding the verdict and in the alternative for a new trial. We have carefully read the transcript of testimony. There was an irreconcilable conflict in this testimony. The burden was on the defendant to prove his defense by a preponderance of the evidence. Our view is that there was sufficient evidence in support of defendant's theory to present a question of fact for the jury and that the court was right in refusing to direct a verdict and in refusing to give judgment for the plaintiff notwithstanding the verdict. The judgment is not contrary to the manifest weight of the evidence and there was no abuse of discretion in denying a new trial.

Plaintiff tendered 23 instructions, of which 18 were given. Defendant tendered 3 instructions, all of which were given. Plaintiff maintains that defendant's given instruction No. 1 does not contain the necessary ele-

ments for the cancellation of the lease; that the instruction directs a verdict; and that it contains an erroneous statement of the law. In our opinion the instruction was proper. Plaintiff complains of the action of the court in refusing to give 5 instructions which he requested. We agree with defendant that all of these instructions contain statements of law fully covered by other instructions, or that they were inapplicable under the evidence. Plaintiff also argues that the court erred in altering his instruction No. 3. It is our view that the court did not err in making this alteration by eliminating certain words.

Plaintiff maintains that the trial judge, over his objection, permitted defendant to introduce evidence entirely immaterial, irrelevant and incompetent, which even if true, was calculated to confuse and mislead the jury and arouse prejudice against plaintiff and sympathy for the defendant. We have read the portions of the record cited by plaintiff in support of this point and find that the point is without merit.

The court gave to the jury two forms of verdict. One reads: "We the jury find the issues for the defendant." The other reads: "We the jury find that at the date of rendition of the judgment by confession in this cause there was due from the defendant to the plaintiff the sum of Five Thousand Five Hundred ($5,500.00) dollars." The court read to the jury the following stipulation: "It is hereby stipulated and agreed by and between the parties to this suit that if the jury find there is anything due under the terms of the lease in question for rent, it would be for 44 months at the rate of $125 per month, making a total of $5,500." In connection with the forms of verdict, plaintiff states: "The court over plaintiff's objection submitted a form of verdict supposedly to be signed by the jury, if they had found the issues for the plaintiff, which lead the jury into believing that the court had serious doubts as to whether the plaintiff was entitled to anything." The record does not show that

plaintiff objected to this form of verdict, nor does it show that he requested the court to give any other form of verdict. Referring to the form of verdict, plaintiff states further: ''It seems clear that the jury could only find the issues for or against the plaintiff, and to require the jury to assume the function of the court and even to review the judgment entered on December 30, 1941, when the only defense was that of alleged abrogation of the lease, was clearly misleading and prejudicial to the rights of plaintiff leading the jury into believing that the court had serious doubts as to whether plaintiff was entitled to anything.'' The court read to the jury the stipulation of the parties, that if they found there was anything due under the terms of the lease, the total would be $5,500. We agree with plaintiff that in view of this stipulation, the better practice would be to submit two forms of verdict to the jury, one permitting them to find the issues for the plaintiff and the other to find the issues for the defendant. In the event the jury found the issues for the plaintiff the court could then enter judgment for the amount stipulated. The amount of the judgment which stood as security was $6,251.25. Under the stipulation and the verdict, if plaintiff prevailed the verdict would be for $5,500. Under the form submitted, the jury was not permitted to raise or lower the amount of the verdict, should they find for plaintiff. Plaintiff suggests that the form of verdict to which he objects amounted to a vacation of judgment before the jury had an opportunity to deliberate on the issues. Juries do not enter or vacate judgments. We are of the opinion that plaintiff was not harmed by the submission of the verdict to which he objects.

Because of these views, the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and KILEY, J., concur.