LULA H. HERRING, WIDOW; FOREST HERRING AND WIFE, DOROTHY B. HERRING; JASTEEL H. FIELDS AND HUSBAND, JESSE FIELDS, EUNICE W. HODGES, WIDOW; PERSIS H. CRAWFORD AND HUSBAND, P. H. CRAWFORD, JR.; AND MARY H. WARREN AND HUSBAND, A. D. WARREN, JR. v. VOLUME MERCHANDISE, INC., A CORPORATION; AND EFIRD'S DEPARTMENT STORE OF KINSTON, N. C. INC., A CORPORATION; JOHN M. BELK; R. L. MANSFIELD; AND GIBSON L. SMITH.

(Filed 10 December, 1958.)

**1. Trial § 20—**

Issues of law raised by the pleadings are to be decided by the court; issues of fact must be determined by a jury in the absence of waiver of jury trial. G.S. 1-172.

**2. Pleadings § 25—**

In determining whether an issue of fact is raised by the pleadings, the pleadings must be liberally construed to effect substantial justice between the parties.

**3. Frauds, Statute of, §§ 1, 3—**

While our statute of frauds will be liberally construed to effect its purpose, contracts coming within its purview are voidable and not void, and the statute must be pleaded and cannot be taken advantage of by demurrer.

**4. Same—**

The statute of frauds acts to prevent enforcement of executory contracts and does not affect contracts which have been consummated.

**5. Same—**

The Connor Act, G.S. 47-18, supplements the statute of frauds, G.S. 22-2, and both were designed to accomplish the same purpose.

**6. Frauds, Statute of, § 6c—**

While G.S. 22-2 makes no declaration with respect to the assignment or surrender of leases when the unexpired term exceeds three years, an assignment or surrender of such lease must be in writing G.S. 22-2, and in order to protect against creditors or subsequent purchasers must be recorded. G.S. 47-18.

7. **Same: Frauds, Statute of, § 6f—**

While an executory parol offer to surrender a leasehold estate having more than three years to run is within the statute of frauds and cannot be specifically enforced, such parol surrender, when consummated, is not invalid, and further a lessee may by his conduct be estopped to deny the termination of his lease.

8. **Frauds, Statute of, § 6f—**

Where, in lessor's action for possession of the premises, the allegations of the complaint are sufficient, liberally construed, to allege a consummated parol agreement by lessee to surrender the premises or equitable matters *in pais* sufficient to raise the question of estoppel of lessee and those claiming under him from denying the termination of the lease, lessor is entitled to show facts establishing such allegations, and judgment dismissing the action on the ground that the parol agreement to surrender the lease came within the statute of frauds and was void as a matter of law, is error.

9. **Tenants in Common § 10—**

A lease executed by only some of the owners is not binding on the owners not parties thereto.

PARKER, J., not sitting.

APPEAL by plaintiffs from *Bundy, J.,* May 1958 Civil Term of LENOIR.

This action was instituted to obtain possession of a lot in Kinston owned by plaintiffs and occupied by defendant Volume Merchandise, Inc. The court, being of the opinion that the only question presented by the pleadings was the application of the statute of frauds to a parol offer to surrender a lease having more than three years to run, held that the statute was an effective bar to the claim of plaintiffs. He dismissed the action and plaintiffs appealed.

*White & Aycock for plaintiff appellants.*
*Dawson & Cowper for Volume Merchandise, Inc.*
*David M. McConnell and John L. Green, Jr., for other defendant appellees.*

RODMAN, J. The court has authority to decide issues of law raised by the pleadings, but when the pleadings present disputed factual questions a party who has not waived his rights is entitled to have a jury decide the controversy. G.S. 1-172. *Phillips v. Gilbert,* 248 N.C. 183, 102 S.E. 2d 771; *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384.

Pleadings must be liberally construed to permit substantial justice between the parties. G.S. 1-151. We examine the pleadings and the law with this injunction in mind.

Plaintiffs sued Volume Merchandise, Inc. in December 1956. The

complaint then filed merely alleged plaintiffs were the owners of a described lot in Kinston which was wrongfully possessed by defendant. The answer admitted plaintiffs were the owners of the lot but asserted defendant's possession was rightful. Defendant based its assertion of rightful possession on a lease from plaintiffs to Efird's Department Store of Kinston (hereafter called Efird's) and an assignment of the lease to defendant.

In November 1957 Efird's and the individual defendants were made parties on motion of plaintiffs and an amended complaint was filed. The allegations of ownership and wrongful possession as made in the original complaint were then reiterated. The amended complaint also alleged that "certain of plaintiffs" in January 1950 leased the lot to Efird's for a term of five years with an option to renew or extend for an additional term of five years, which option had been duly exercised. It alleged defendant Belk had acquired control of Efird's through Belk Stores, which had purchased the stock of Efird's, that defendants Mansfield and Smith were agents of Belk Stores and of Efird's. Belk Stores and Efird's were engaged in the same kind of business and in competition in Kinston. Efird's, in September 1956, acting through the individual defendants, in order to eliminate this competition and to relieve Efird's of the payment of rent and the other burdens imposed on it by the lease, made a request that Efird's be permitted to surrender and cancel the lease. This offer was not then accepted. Section 18 of the amended complaint reads:

"That on or about the 6th day of October 1956, agents and representatives of the defendant, Efird's Department Store of Kinston, N. C., Inc., including the defendants, R. L. Mansfield and Gibson L. Smith, conferred with the said representative of the plaintiffs and again represented to the plaintiffs, through their representative, that the defendant Efird's Department Store of Kinston, N. C., Inc., and its officers and directors desired that said lease be cancelled and desired further that defendant be permitted to surrender possession of said premises, and stated that said defendant, upon cancellation of said lease, would surrender possession of said premises on or before November 30, 1956. That on November 8, 1956, the plaintiffs accepted the offer of the defendant, Efird's Department Store of Kinston, N. C., Inc. to surrender possession of the said leased land and premises on or before November 30, 1956, and entered into a mutual oral agreement with said defendant for the cancellation of said lease executed by certain of the plaintiffs herein to the defendant, Efird's Department Store of Kinston, N. C., Inc., which lease is dated January 31, 1950."

Following this allegation the complaint states plaintiffs accepted

the offer to surrender. Relying on the surrender and cancellation, plaintiffs, with knowledge of defendants, leased the property to Miles Shoe Store. After plaintiffs leased to Miles Shoe Store defendants wrongfully put Volume Merchandise in possession, that Volume Merchandise knew of the surrender and cancellation effected on 8 November and participated in the fraud perpetrated on plaintiffs.

Volume Merchandise answered the amended complaint. It again admitted plaintiffs were the owners of the lot and its possession which it asserted was lawful by virtue of the assignment made in writing which was duly recorded. It denied any fraud, denied that lessee had surrendered the premises on 8 November 1956, and asserted if Efird's on that day orally agreed "that the lease herein involved would be surrendered, and *was surrendered that day,* then such agreement was void and of no effect, for that the lease on 8 November 1956 did not expire until February 1960 . . ." (Emphasis added.) It expressly pleaded the statute of frauds:

The answer of Efird's and the individual defendants admitted plaintiffs were the owners of the land in controversy and the lease to it by certain of plaintiffs. They admitted they informed plaintiffs of their desire to cancel and surrender. They admitted conferring with representatives of plaintiffs on 5 October 1956, then expressing a willingness to cancel and surrender by 1 November. They denied they offered to surrender by 30 November as alleged by plaintiffs or that they in fact surrendered, asserting they were legally in possession when they assigned the lease to Volume Merchandise. They expressly pleaded the statute of frauds.

The English statute of frauds, 29 Car. 2, declares void parol assignments or surrenders of leases, but the English statute was not adopted by us as a part of our common law. *Foy v. Foy,* 3 N.C. 131.

Our statute, G.S. 22-2, adopted in 1819, declares void when not in writing all leases and contracts for leasing lands for a period exceeding three years. It makes no declaration with respect to the assignment or surrender of leases when an unexpired term exceeds three years. Does the statute apply to parol contracts to surrender such leasehold estates and if so, may the statute be avoided by estoppel or a consummated surrender?

The statute has not been given a literal or narrow construction. Our decisions have consistently given that interpretation which would accomplish the purpose declared in the English statute. Even though the statute declares leases and conveyances void, that word has been regularly interpreted to mean voidable. *Walker v. Walker,* 231 N.C. 54, 55 S.E. 2d 801; *Real Estate Co. v. Fowler,* 191 N.C. 616, 132 S.E. 575; *Herndon v. R.R.,* 161 N.C. 650, 77 S.E. 683; *Wilkie v. Womble,*

90 N.C. 254. A party who claims protection from the statute must take affirmative action. He cannot avail himself of its provisions by demurrer. *Weant v. McCanless,* 235 N.C. 384, 70 S.E. 2d 196.

The statute acts to prevent enforcement of executory contracts, not contracts which have been consummated. *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785; *Herndon v. R.R., supra; Hall v. Fisher,* 126 N.C. 205; *Choat v. Wright,* 13 N.C. 289.

The statute of frauds (G.S. 22-2) and the Connor Act (G.S. 47-18) requiring registration of deeds and leases were designed to accomplish the same purpose. The latter act supplements the earlier act. *Mauney v. Norvell,* 179 N.C. 628, 103 S.E. 372.

Though not mentioned in either act, an assignment of a lease for more than three years must, to be enforceable, be in writing and to protect against creditors or subsequent purchasers, must be recorded.

*Ruffin, C. J.,* writing in *Briles v. Pace,* 35 N.C. 279, and speaking with reference to the assignment of a lease for more than three years, said: "The words in these statutes (frauds), in truth, embrace the transfer of terms, as well as the creation of them. They are, that all contracts to sell or convey land or any interest in or concerning it shall, with one exception, be void unless in writing. Now, a term for years is not only an interest, but it is an estate, in land, and, therefore, a contract to assign a term is a contract to sell and convey land. Besides, it is a mistake to suppose that the statute, in respect to the creation of terms, embraces only those created immediately out of the inheritance; for it speaks of all contracts for lands, which includes, of course, all leases created in any manner other than those of three years or under, which are expressly excepted. Therefore, if a termor underlets the premises, or a part of them, for part of the term, so as to leave a reversion himself, that is a new term created out of the former, and is within the words of the act; and if it be for more than three years, it must clearly be in writing. The inference, then, seems irresistible that such a long termor cannot assign without writing; for it would impute an absurdity to the Legislature to suppose a writing indispensable for a termor to pass a part of his estate, while he is allowed to pass the whole by an assignment, by word of mouth."

*Brown, J.,* said in *Alexander v. Morris,* 145 N.C. 22: "The verbal assignment of the lease made to plaintiff was absolutely void, because, at the date thereof, 30 August, 1904, the lease had more than three years to run, and, therefore, such an interest in land could only have been assigned in writing."

*Gaston, J.,* writing in *Gwyn v. Wellborn,* 18 N.C. 313, referred to the English case of *Earl v. Rogers,* and after quoting therefrom said:

"In the year 1815 we had no statute of frauds, and a surrender of a term might have been made wholly by parol."

Title which is passed by an unrecorded deed or by an assignment cannot be reinvested in the grantor by a promise to return the deed or cancel the assignment. *Walker v. Walker, supra; Maxwell v. Wallace,* 45 N.C. 251. Dower may not be surrendered by parol, *Luther v. Luther,* 234 N.C. 429, 67 S.E. 2d 345, nor may a remainderman acquire the preceding life estate by parol lease from the life tenant which permits the remainderman to occupy without the payment of rent during the life of the life tenant. *Houston v. Smith,* 88 N.C. 312.

Covenants limiting the use of real property are within the scope of the statute of frauds and the registration act. *Davis v. Robinson,* 189 N.C. 589, 127 S.E. 697; *Moore v. Shore,* 206 N.C. 699, 175 S.E. 117. Speaking with reference to parol releases of easements and restrictive covenants, *Seawell, J.,* said in *Miller v. Teer,* 220 N.C. 605, 18 2d 173: "Perhaps an easement of this sort, acquired as this was, could not be made the subject of parol release, except upon the principle of estoppel, since it is an interest in lands within the statute of frauds. *Combs v. Brickhouse,* 201 N.C. 366."

We reach the conclusion that a parol offer to surrender a leasehold estate having more than three years to run is within the statute of frauds and cannot be specifically enforced.

Because performance cannot be enforced so long as the contract is executory, that does not mean that a consummated surrender is invalid or that lessee may not by his conduct be estopped to deny the termination of his lease. Our decisions clearly establish the right of lessor to show facts establishing his right of possesion. The rule is, we think, aptly stated in *Faw v. Whittington,* 72 N.C. 321. *Bynum, J.,* said: "Such a renunciation, however, would seem to operate not as passing an estate or interest in land, which cannot be done strictly under the act without writing, but to operate as an equitable estoppel in the vendee to assert a claim to specific performance where his conduct has misled the vendor intentionally. Assuming the law to be that a vendee can abandon by a matter *in pais* his contract to purchase, it is clear that the acts and conduct constituting such abandon must be positive, unequivocal, and inconsistent with the contract."

*Connor, J.,* said in *Moore v. Shore, supra*: "In *Combs v. Brickhouse, supra,* the rule that an easement cannot ordinarily be extinguished or released by mere unexecuted parol agreement (19 C.J. 949) is recognized and approved It was held, however, in that case that an easement may be abandoned by the owner of the dominant tenement by unequivocal acts showing a clear intention to abandon and terminate the right, and that such owner may be estopped to assert

the right by his conduct relied on by the owner of the servient tenement. The rule that a parol agreement between the owners of the dominant and servient tenements may operate to extinguish an easement where such agreement has been acted upon by the owner of the servient tenement, was applied in that case. This is a just rule, and in proper cases will be applied to prevent injustice."

*Shepherd, J.* (later C.J.), writing in *Miller v. Pierce,* 104 N.C. 389, said. "The sole question for our consideration is whether a written contract for the sale of land can be discharged by matter *in pais.* This subject has been very much debated by the judges of England, and for a long time their opinion upon the question was left in doubt. It is now, however, regarded as settled. Mr. Brown, in his work on the 'Statute of Frauds,' says: 'And this opinion, that a parol discharge of a written contract within the statute of frauds is available in equity to repel a claim upon that contract, to which the mind of Lord Hardwicke came so reluctantly is since firmly established by many authorities.' . . . While we are of the opinion that the contract may be discharged by matter *in pais,* there must, however be something more than the mere oral agreement of the parties."

Other illustrations of the application of the principles may be found in *Bell v. Brown,* 227 N.C. 319; *Miller v. Teer, supra; Combs v. Brickhouse, supra; Gorrell v. Alspaugh,* 120 N.C. 362; *Taylor v. Taylor,* 112 N.C. 27; *Monger v. Lutterloh,* 195 N.C. 274, 142 S.E. 12; *Barber v. Smythe,* 143 P 2d 565; *McNeill v. Harrison & Sons,* 2 N.E. 2d 959; *Elliott v. Gentry,* 60 P 2d 203; *Selimos v. Marinos,* 54 N.E. 2d 836; *Hesseltine v. Seavey,* 16 Me. 212; 37 C.J.S. 607, 620, 621; 3 Thompson on Real Property, Perm. ed., 751, 752, 757.

Notwithstanding seeming inconsistencies in plaintiff's pleadings, enough is, we think, alleged to permit plaintiffs to offer evidence to show an actual surrender, as distinguished from an offer to surrender, or conduct sufficient to constitute an estoppel. That being true, the court could not hold as a matter of law that plaintiffs were not entitled to recover. Even if plaintiffs failed to show a completed surrender or estoppel, the lease would not be binding on any owners who were not parties thereto. We understand the admitted allegation that the lease was executed by "certain of plaintiffs" to imply that it was not executed by all of the owners.

Reversed.

PARKER, J., not sitting.